UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MELISSA RICKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-04148 |
| | ) |
| THE HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. The Plaintiff, Melissa Ricker, (hereinafter "Plaintiff"), by and through the undersigned counsel, Talia Ravis, files this complaint against Defendant The Hartford Life and Accident Insurance Company (herein after "Hartford").

2. This arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Melissa Ricker brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132 (a)(1)(B).

3. Plaintiff has at all times material hereto, been a citizen of Callaway County, Missouri.

4. Plaintiff is a former employee of Central Bancompany, Inc. (hereinafter "CBI").

5. Plaintiff is informed and believes that Defendant Hartford is a Connecticut corporation doing business in Callaway County, Missouri. Therefore, pursuant to 29 U.S.C. §1132 (e)(2), venue is proper in the Jefferson City Division of the Western District of Missouri.

6. Hartford issued Group Policy No. GL-402907 (hereinafter "the Life Plan") to CBI for the benefit of its employees and their dependents. The group life insurance policy contains a

provision in which Hartford agrees to waive CBI employees' life insurance premiums in the event they became totally disabled and unable to work (hereinafter "LWOP benefits").

7. Pursuant to the terms and conditions of the Life Plan, Plaintiff was entitled to LWOP benefits for the duration of Plaintiff's disability, for so long as Plaintiff remained disabled as required under the terms of the Life Plan.

8. At all relevant times, Defendant Hartford was a fiduciary of the Life Plan within the meaning of ERISA §3(21), 29 U.S.C. §1001 (21), in that Hartford acted as a claims fiduciary for the Life Plan, and exercised authority and control over the application of the LWOP benefit. Hartford is also the "appropriate named fiduciary" of the Plan as described in 29 C.F.R. §2560.503(h)(1).

9. Plaintiff is informed and believes that the Life Plan is an employee welfare benefit plan regulated by ERISA, established by CBI, under which Plaintiff was a participant, and pursuant to which Plaintiff is entitled to the LWOP benefit as a consequence of her disability.

10. Hartford actually insures the life insurance coverage issued to CBI.

11. Hartford is the payor of Plaintiff's life insurance benefits under the Life Plan.

12. Hartford processed and denied Plaintiff's claim for LWOP benefits.

13. Hartford has a financial interest in Plaintiff's LWOP claim.

14. Hartford has a conflict of interest in Plaintiff's LWOP claim.

### FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

15. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

16. At all times relevant, Plaintiff was employed with CBI and was a covered participant under the terms and conditions of the Life Plan.

17. During the course of Plaintiff's employment, Plaintiff became insured for basic life insurance coverage under the Life Plan, group policy no. GL-402907.

18. The life insurance policy contains a provision which promises to waive premiums in the event of disability.

19. The policy defines "Disabled" as follows:

> "***Disabled****: What does Disabled mean?*
> *Disabled means You are prevented by injury or sickness from performing the material and substantial duties of any occupation for which You are, or could become, qualified by:*
> *1. education;*
> *2. training; or*
> *3. experience.*
> *In addition, You will be considered Disabled if You have been diagnosed with a life expectancy of 12 months or less."*
> [Life Plan document, p. 16]

A. Plaintiff's claim for LWOP benefits.

20. While Plaintiff was covered under the Life Plan, Plaintiff suffered a disability rendering her disabled as defined under the terms of the Life Plan.

21. In February of 2019, Plaintiff ceased working due to restrictions and limitations stemming from the disabling symptoms of cervical spinal stenosis, cervicalgia, bulging of cervical disc without myelopathy, cervical post-laminectomy syndrome, foraminal stenosis, inner ear issues, and chronic migraines.

22. In May of 2019, Plaintiff filed a claim for LWOP benefits under the Life Plan.

23. Hartford denied Plaintiff's LWOP claim in a letter dated August 26, 2019. The letter alleged, "Since we have not found evidence that documents a loss of functionality sufficient to render you Disabled for 6 consecutive months, you are not eligible for

Waiver of Premium". The letter further alleged that Hartford did not believe that Plaintiff met the Life Plan's definition of "Disabled" and offered her opportunity to appeal the decision pursuant to the Department of Labor's regulations governing ERISA disputes.

24. With the help of undersigned counsel, Plaintiff appealed the denial of her LWOP benefits in a letter dated June 5, 2020.

25. In acknowledgement of her total disability under the terms of the Life Plan, in a letter dated July 9, 2020, Hartford approved Plaintiff's LWOP claim, agreeing that Plaintiff has been disabled for 6 consecutive months and meets the Life Plan's definition of "disability".

26. After continually paying Plaintiff's claim for 13 months, in August of 2021, Hartford again terminated Plaintiff's LWOP claim.

27. The LWOP termination letter alleged that Plaintiff was no longer disabled and could return to full-time work, 8 hours per day and 40 hours per week, with restrictions, in one of 10 jobs she has never performed.

B. Plaintiff's appeal of the termination of her LWOP benefits.

28. With the help of undersigned counsel, in a letter dated February 23, 2022, Plaintiff once again appealed the termination of her LWOP claim.

29. In April of 2022, Hartford approved Plaintiff's separate claim for long-term disability benefits, agreeing that Plaintiff *is* prevented from performing one or more of the Essential Duties of any occupation.

30. Four months later, in a letter dated August 30, 2022, Hartford upheld the termination of Plaintiff's LWOP claim, alleging a *new* reason for denial. This time, Hartford alleged that

4

Plaintiff was not disabled because she could return to sedentary work on a part-time basis.

31. Hartford failed to provide Plaintiff the opportunity to respond to its new reason for denial, stating in its August 30th letter: "Please be advised that our claim decision is now final as administrative remedies under the policy have been exhausted."

32. By asserting a new rationale for termination in its final decision, and failing to provide Plaintiff with an opportunity to respond to the new rationale before issuing the final decision, Hartford violated ERISA and the Department of Labor's Regulations governing the administration of ERISA claims, which require that in order to provide a full and fair review, a plan administrator must provide adequate notice of the reasons for denial and allow the claimant a reasonable opportunity to respond before issuing a final decision. ERISA, 29 U.S.C.S. §1133(1); 29 C.F.R. § 2560.503-1(g)(1) and (h)(4)(ii).

**FIRST CAUSE OF ACTION AGAINST DEFENDANT HARTFORD FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS (29 U.S.C. §1132(a)(1)(B))**

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Defendant Hartford breached the Life Plan and violated ERISA in the following respects:

    a) Failing to approve Plaintiff's LWOP benefits at a time when Hartford knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Life Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Hartford had such knowledge, Hartford denied Plaintiff's claim for LWOP benefits;

b) Failing to provide a prompt reasonable explanation of the basis relied upon under the terms of the Life Plan documents, in relation to the applicable facts and LWOP provisions, for the denial of Plaintiff's claim for LWOP benefits;

c) Failing to explain why it approved Plaintiff's claim for LTD benefits, but denied her claim for LWOP benefits, based on the same information;

d) Failing to properly and adequately investigate the merits of Plaintiff's LWOP claim and failing to provide a full and fair review of Plaintiff's claim; and

e) Creating a new reason for denial on appeal, and not offering Plaintiff the opportunity to respond to the new reason for denial, in violation of 29 U.S.C.S. §1133(1) and (2) and 29 C.F.R. §2560.503-1(g)(1) and (h)(4)(ii).

35. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully terminated her claim for LWOP benefits under the Life Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

36. Following the denial of LWOP benefits under the Life Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Life Plan.

37. As a proximate result of the aforementioned wrongful conduct of Hartford, Plaintiff has damages for loss of life insurance coverage in a total sum to be shown at the time of trial.

38. As further direct and proximate result of this improper determination regarding Plaintiff's LWOP claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs

and fees. Pursuant to 29 U.S.C. §1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

39. The wrongful conduct of Hartford has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Life Plan and to clarify her right to future benefits under the terms of the Life Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant Hartford as follows:

1. An order declaring that Plaintiff is entitled to immediate reinstatement of her LWOP benefits, with all further ancillary benefits to which she is entitled by virtue of her disability, and that premiums are to continue to be waived under the Life Plan for so long as Plaintiff remains disabled under the terms of Life Plan;

2. In the alternative to the relief sought in paragraph 1, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

3. Pursuant to 29 U.S.C. §1132(g) payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

Date: October 6, 2022

By: /s/Talia Ravis
Talia Ravis
MO Bar No. 58366
Law Office of Talia Ravis, PA
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114

816-333-8955 (tel)  
800-694-3016 (fax)  
talia@erisakc.com  
*Attorney For Plaintiff, Melissa Ricker*